UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

AMY GOODMAN, NICOLE SALAZAR,     Court File No. 10-CV-1966 SRN/AJB
and SHARIF ABDEL KOUDDOUS,

                 Plaintiffs,

vs.

CITY OF ST. PAUL, et al.,

                 Defendants.

---

**PROTECTIVE ORDER**
_____

Based upon the Stipulation of the parties [Docket No. 67], IT IS HEREBY ORDERED:

1. Plaintiffs Amy Goodman, Nicole Salazar, and Sharif Kouddous shall provide information and executed releases addressing medical histories, social security records, and insurance records (including a copy of insurance cards) for any and all records for the past 7 years to counsel for the City and County Defendants, Jon K. Iverson, Jason M. Hiveley, and Stephanie A. Angolkar, Iverson Reuvers, 9321 Ensign Avenue South, Bloomington, MN 55438; to counsel for Plaintiffs, Anjana Samant, Alexis Agathocleous, William P. Quiqley, Center for Constitutional Rights, 666 Broadway, 7th Floor, New York, NY 10012; Steven Alan Reiss, Jennifer Wu, Christine Di Guglielmo, Weil, Gotshall & Manges, 767 Fifth Avenue, New York, NY 10153; Albert Goins, 301 Fourth Avenue South, 378

      Grain Exchange Building, Minneapolis, MN 55415; Bruce Nestor, 3547 Cedar Avenue South, Minneapolis, MN 55407; and to counsel for the Federal Defendants, David Fuller, U.S. Attorney's Office, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

2. Consistent with the terms of the Protective Order as set forth herein, the Confidential Information identified as provided herein and released pursuant to paragraph 1 may only be used in connection with discovery (including depositions), motions or other court proceedings, trial, or any appeal in the above-referenced matter.

3. This Stipulation and Protective Order shall apply to the Confidential Information identified above.

4. Nothing herein shall be construed to affect in any way Defendants' or Plaintiffs' right to seek admission of, nor to object to the admissibility of, any documents, testimony or other evidence at trial or any other proceeding relating to this matter.

5. The production of the foregoing information, documents, and releases and the provision of deposition or trial testimony shall be on the following terms and conditions:

    a. Plaintiffs' counsel will obtain and produce executed releases as provided by Defendants' counsel and any releases specifically required by medical providers within 30 days of this Order.

b.  Plaintiffs will supplement their Answers to Interrogatories to provide a list of all medical providers and insurance information for the last 7 years within 30 days of this Order.

c.  Plaintiffs will supplement their Answers to Interrogatories to provide a list of all arrests and convictions for felonies or crimes of moral turpitude for the past 10 years within 30 days of this Order.

d.  Plaintiffs shall supplement and fully respond to their Response to Defendants' Second Request for Documents No. 1.

e.  The documents to be produced or obtained with an executed release in response to this Stipulation and Agreement and pursuant to the accompanying Order shall be considered "Confidential Materials" under the terms of the Stipulation and Agreement and accompanying Order, which shall govern the examination and use of such documents.

f.  Confidential Materials and information derived solely therefrom shall be disclosed to and used only by "Qualified Persons," as defined in paragraph 5h.  The Confidential Materials shall not be disclosed to any other person unless and until otherwise agreed to by Plaintiffs or ordered by the Court hearing this action.  It is expressly agreed and understood that neither Defendants nor their counsel will or may use or disclose the Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

g. If Defendants' counsel wishes to use or inquire about Confidential Materials or information derived solely therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived solely therefrom will be designated as Confidential, and shall be treated as Confidential Materials subject to the provisions of this Stipulation and Agreement and pursuant to the accompanying Order.

h. Confidential Materials, including portions of deposition transcripts that constitute Confidential Materials or information derived solely therefrom, may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified persons" are:

   i. The Court, subject to the provisions of subparagraphs 5k;
   ii. Jury;
   iii. Courtroom staff;
   iv. Counsel for the parties to the action and the legal assistants, clerical, and secretarial staff employed by such counsel and any expert witnesses and attendant expert witness staff retained by the parties;
   v. Representatives of the Lexington Insurance Company;
   vi. Court reporters employed in connection with any deposition in the action; and
   vii. Any other person the parties agree to in writing.

i. Confidential Materials or information derived solely therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as

provided in subparagraph 5k.  All Qualified Persons shall be provided a copy of this Order and advised that is applicable to them, and shall be bound by subparagraph 5e of this Stipulation and Agreement and accompanying Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived solely therefrom to anyone who is not a Qualified Person within the meaning of this order.

j. If Confidential Materials (including portions of deposition transcripts) or information derived solely therefrom are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

k. Nothing contained in this Stipulation and Agreement and accompanying Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third party witnesses, either prior to a deposition or trial or during a deposition or trial, provided that:

   i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

   ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

   iii. The actual or potential witness shall be provided a copy of this Order and advised it is applicable to him or her.  Such actual or potential

5

>
> witness and his or her attorney shall be bound by subparagraph 5e of this Stipulation and Agreement and accompanying Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor information derived solely therefrom to anyone who is not a Qualified Person within the meaning of this order.

6. In the event any Confidential Materials or information derived solely therefrom are used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

7. Court proceedings, including hearings and trial, involving the use of Confidential Materials or information derived solely therefrom shall be limited to Qualified Persons.

8. The failure to comply with the provisions of this Order may subject any person who has violated the Order to civil liability, contempt of court, or other penalties authorized by law or statute.

9. Upon termination of this litigation, the parties' counsel shall destroy all Confidential Materials and copies thereof in their possession, custody and control.

10. The obligations of Qualified Persons to protect all confidential data and information shall survive the termination of this litigation.

11. The designation of any document, information, or thing as confidential under this Order is for purposes of this Protective Order only and shall not be used

for the purpose of interpretation of other legal or substantive issues raised in this or any other litigation apart from the application of this Stipulation and Agreement and accompanying Order.

12. Nothing in this Order shall be interpreted to apply to information derived from an independent source, notwithstanding the fact that it may also be capable of being derived from any Confidential Materials.

Dated: March 31, 2011            __s/ Arthur J. Boylan_____
                                 Honorable Arthur J. Boylan
                                 U. S. Chief Magistrate Judge